UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-24295-ALTMAN/Reid

**JUAN CARLOS GIL**,

   *Plaintiff*,

v.

**REY BERMUDEZ**, *et al.*,

   *Defendants*.
_____/

## ORDER

On May 9, 2022, the parties filed a Joint Motion for Approval and Entry of the Consent Decree and to Dismiss the Action with Prejudice [ECF No. 29] (the "Motion"). The Court referred that Motion to United States Magistrate Judge Lisette M. Reid. *See* Order of Referral [ECF No. 33]. Magistrate Judge Reid issued a Report and Recommendation [ECF No. 36] (the "R&R"), in which she determined that the Motion should be granted. Magistrate Judge Reid also warned the parties as follows:

> A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

*Id.* at 7. More than fourteen days have passed, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although

Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 36] is **ACCEPTED and ADOPTED** in full.

2. The Joint Motion for Approval and Entry of the Consent Decree and to Dismiss the Action with Prejudice [ECF No. 29] is **GRANTED**.

3. This case is **DISMISSED with prejudice**, with each party to bear its own costs and fees, except as otherwise provided in the Consent Decree.

4. All other pending motions are **DENIED as moot**. Any pending deadlines and hearings are **TERMINATED**.

5. The Court retains jurisdiction for 30 days to enforce the terms of the Consent Decree.

**DONE AND ORDERED** in Miami, Florida this 15th day of July 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record